**UNITED STATES COURT OF APPEALS**
**DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                     :

NOBLE CAPITAL LLC,             :

       *Plaintiff-Appellant*,   :

       v.              :    Case No. 25-7156

                     :

PEOPLE'S REPUBLIC OF CHINA,  :

      *Defendant-Appellee.*  :

                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION TO DEFENDANT-APPELLEE'S**
**MOTION TO EXTEND RESPONSE DEADLINE**

Plaintiff-Appellant Noble Capital LLC ("**_Noble Capital_**") respectfully objects to the motion filed by Defendant-Appellee People's Republic of China ("**_China_**") for a 90-day period to file its response brief and states:

**SUMMARY**

1.     China seeks to enlarge the response period from 30 days to 90 days—an additional 60 days—to address a narrow jurisdictional issue on appeal. The request is excessive, unsupported by good cause, and should be denied. As a professional courtesy, Noble Capital does not oppose a 14-day extension of China's response deadline (from March 25, 2026 to April 8, 2026), provided that Noble Capital's reply deadline is extended by 7 days (from April 29, 2026 to May 6, 2026). Oral argument has not yet been scheduled in this case.

## **BACKGROUND**

2.      Federal Rule of Appellate Procedure 31(a) provides that "[t]he appellee must file and serve its brief within 30 days after the appellant's brief is served." Under Rule 26(b), the Court may extend this time only upon a showing of "good cause."

3.      On January 12, 2026, the Clerk issued a scheduling order providing that (i) Noble Capital's opening brief was due February 23, 2026; (ii) China's response brief is due March 25, 2026; and (iii) Noble Capital's reply brief is due April 15, 2026.

4.      Noble Capital timely filed its opening brief on February 23, 2026. The following day, China requested a 90-day response period—an enlargement of 60 days beyond the standard 30-day period. Noble Capital advised that the request was excessive but offered, as a professional courtesy, to agree to a reciprocal 14-day extension of the response and reply deadlines.

## **ARGUMENT**

5.      China's request for a 60-day enlargement is excessive and unsupported by good cause for at least four independent reasons. ***First***, this appeal represents a narrow and well-defined jurisdictional issue. The sole issue on appeal is whether, under 28 U.S.C. § 1605(a)(2), this action is "based upon" commercial activity carried on by China in the United States. Resolution of that issue, in turn, is

determined by whether the "gravamen" of the breach of contract claims alleged by Noble Capital is (i) China's recent wrongful activity in selling government bonds during the COVID-19 pandemic to public investors in the United States, in breach of its negative covenant obligations under certain existing government bonds, or (ii) China's decades earlier wrongful actions in failing to pay principal and interest on its existing government bonds, in breach of its payment covenant obligations.

6.    As explained in Noble Capital's opening brief, the district court misidentified the gravamen under an approach inconsistent with Supreme Court precedent and this Court's governing decisions.  The recent bond sales in the United States are themselves alleged breaches and constitute the core wrongful conduct underlying the breach of contract claims.  The jurisdictional issue is discrete, framed by settled precedent, and fully developed in the briefing.  It does not warrant a 60-day enlargement.

7.    ***Second***, this is not China's first request for delay in this matter.  China previously delayed service of process for more than ten months.  Noble Capital submitted a Hauge Service Convention request on November 30, 2023, consistent with China's Ministry of Justice guidelines.  On May 11, 2024, China rejected the request—not for any procedural defect—but on the ground that service "would infringe the sovereignty or security" of China.  Service was ultimately effected on August 19, 2024 through diplomatic channels.

3

8.  China thereafter sought a 150-day period to respond to the complaint, requesting a 90-day enlargement of the 60-day period provided under 28 U.S.C. 1608(d).  (Doc. 23.)  In support, China cited complex jurisdictional issues under the FSIA, translation requirements, and the need for approvals from foreign decision-makers—arguments substantially identical to those advanced here.  Yet such considerations are inherent in virtually every FSIA case.  Rule 31(a) nevertheless establishes a 30-day response period for appellees, including foreign states.

9.  ***Third***, China identifies no exigent circumstances constituting good cause for a 60-day extension.  Instead, counsel cites ongoing professional obligations and previously scheduled matters.  Routine workload and professional commitments do not justify tripling the prescribed response period—particularly at a firm of more than 1,150 attorneys capable of distributing responsibilities as necessary.

10.  ***Fourth***, the timing of China's request is prejudicial.  The scheduling order was issued on January 12, 2026.  China's counsel was aware at that time of his briefing calendar and travel commitments.  Rather than seeking a reciprocal adjustment promptly, China waited until after Noble Capital had reorganized its professional obligations and completed its opening brief in reliance on the Court's schedule.  Noble Capital has since structured other briefing schedules and international travel commitments around the existing deadlines.  A 60-day enlargement would materially disrupt those arrangements and impose avoidable

4

prejudice.

11.     China's request reflects a recurring pattern of seeking extraordinary accommodation beyond those afforded to other litigants.     Absent genuine exigency—which has not been shown—China should be held to the same standards that govern all parties under the Federal Rules of Appellate Procedure.

**CONCLUSION**

For the foregoing reasons, Noble Capital respectfully requests that China's motion for a 90-day response period be denied.  As a professional courtesy, Noble Capital does not oppose a 14-day extension of China's response deadline (from March 25, 2026 to April 8, 2026), provided that Noble Capital's reply deadline is extended by 7 days (from April 29, 2026 to May 6, 2026).

Respectfully submitted,

**NOBLE CAPITAL LLC**

Dated: February 25, 2026          By:__/s/ Kenneth Noble_____
                                         Counsel of Record

Kenneth Noble (66459)
NOBLE LAW PLLC
1185 Avenue of the Americas, 3rd Floor
New York, New York 10036-6805
Telephone: (212) 324-2525
knoble@noblepllc.com

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This document complies with the length limits established by Fed. R. App. P. 32.1(a)(4)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 891words.  As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied on the word count of the word-processing system used to prepare this document.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because it was prepared in a proportionally spaced typeface using 14-point Time New Roman font.

Date: February 25, 2026          By:   /s/ Kenneth Noble
                                        Kenneth Noble

## CERTIFICATE OF SERVICE

I certify that on the date hereof the foregoing was electronically file with the Clerk of the Court for the United States Court of Appeals for the District of Columbia by using the CM/ECF system.  I certify that all participants in this case are registered users of that system and that service will be accomplished by that system.


Date: February 25, 2026         By:   /s/ Kenneth Noble_____
                                      Kenneth Noble