**ORAL ARGUMENT NOT YET SCHEDULED**
No. 25-7156

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

NOBLE CAPITAL LLC,

        Plaintiff-Appellant,

        v.

PEOPLE'S REPUBLIC OF CHINA,

        Defendant-Appellee.

## REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME

The thrust of Appellant Noble Capital's opposition is that the 60-day extension sought by the PRC is an "extraordinary accommodation beyond those afforded to other litigants." Opp. 5. On the contrary, such extensions are often requested, consented to, and granted in this Court when circumstances warrant. And such an extension is justified here by the multiple factors that the PRC's motion properly details: the sensitivity of a case involving foreign sovereign interests; the need for coordination and translation with an overseas client; and numerous competing professional obligations. Mot. 2-3.

1

Noble Capital principally responds that "the timing of [the PRC's] request is prejudicial," suggesting that the PRC needed to inform Noble Capital earlier—before Noble Capital even filed its opening brief—that the PRC later would seek an extension of time. Opp. 4. Leave aside that this is not common practice or contemplated by the rules; it was Noble Capital as appellant that held the cards—the PRC did not know until recently whether *Noble Capital* would seek an extension of time for *its* opening brief. And if Noble Capital had wished to modify the briefing schedule to accommodate other obligations, the PRC would have consented to an extension.

Noble Capital relatedly asserts that it now has a reliance interest in the current briefing schedule. Opp. 4-5. The rule authorizing extensions suggests otherwise. And in contrast to the PRC's detailed account of its counsel's competing obligations, Noble Capital offers only a vague assertion that its counsel has "reorganized its professional obligations." If those obligations warrant an accommodation, then Noble Capital likewise may seek an extension of time for its reply brief.

Noble Capital's remaining arguments are insubstantial. It calls this a "narrow" appeal involving a "discrete" issue. Opp. 2-3. But it is

2

Noble Capital that teed up this case as implicating supposed breaches of international law, the entire structure of the PRC's sovereign debt issuances, and *$11 billion* in claimed damages.[1] Nor has the PRC engaged in delay. It did not "delay[] service," Opp. 3; service was effectuated just as 28 U.S.C. § 1605(a) provides. As for the briefing schedule below, Opp. 4, the district court *granted* the PRC a 60-day extension of time to move to dismiss Noble's complaint. This reinforces rather than undermines that an extension is appropriate under the circumstances present here. Finally, the fact that counsel work at a large law firm, *see id.*, does not mean that oral arguments and other obligations properly could be assigned to lawyers unfamiliar with this or those other cases. The proper device for managing such conflicts is an extension, as the Federal Rules and this Court's rules contemplate.

## CONCLUSION

For these reasons, Appellee respectfully requests that the Court grant its motion for a 60-day extension of time to file its response brief.

---

[1] *E.g.*, Opp'n to Mot. to Dismiss 1-2, Dkt. 35, No. 1:23-cv-03139 (D.D.C. filed Feb. 11, 2025). Also at issue, as Noble Capital knows, are arguments that Noble Capital's claims are time-barred and foreclosed by a foreign claims settlement process.

3

February 26, 2026

Alyssa Barnard-Yanni
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019

Respectfully submitted,

*/s/Eric A. Shumsky*

Eric A. Shumsky
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20037
(202) 339-8400
eshumsky@orrick.com

*Counsel for Defendant-Appellee*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C).  The reply is printed in Century Schoolbook 14-point font, and it contains 501 words, excluding the items listed in Federal Rule of Appellate Procedure 27(a)(2)(B).

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/Eric A. Shumsky*
Eric A. Shumsky
*Counsel for Defendant-Appellee*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on February 26, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ Eric. A Shumsky

Eric A. Shumsky
*Counsel for Defendant-Appellee*